**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

NATIONWIDE MUTUAL INSURANCE COMPANY,
an Ohio corporation,

Plaintiffs,

v.

RICHARD BUTCHER, JR.,
an individual.

Defendant.

---

**COMPLAINT FOR DECLARATORY RELIEF**

---

Plaintiff, Nationwide Mutual Insurance Company ("Nationwide"), by and through its counsel, and pursuant to 28 U.S.C. § 2201(a) and 2202 and Fed.R.Civ.P. 57, states and alleges as follows for its Complaint for Declaratory Relief against Defendant, Richard Butcher, Jr. ("Mr. Butcher"):

## I. NATURE OF THE ACTION

1. This action arises out of a March 8, 2018 automobile accident (the "Accident"). At the time of Accident, Mr. Butcher was within the course and scope of his employment and received workers' compensation benefits under and in accordance with the Colorado Workers' Compensation Act (the "WCA") for injuries arising out of the Accident. Mr. Butcher now seeks underinsured motorist ("UIM") benefits under an insurance policy issued to his employer, Integrated Communication Services.

2. Recent case law calls into question an employee's right to seek UIM benefits from his employer's policy when he has received workers' compensation benefits arising from the accident in question *See Ward v. Acuity*, 591 F.Supp.3d 1003 (D.Colo., March 18, 2022) (citing and relying upon C.R.S. § 8-41-102). Nationwide seeks a declaration that Mr. Butcher is not entitled to UIM benefits for injuries arising from the Accident based upon the exclusive remedy provisions of the WCA, or alternatively, the Workers' Compensation Exclusion in the UIM coverage part of the policy.

## II. PARTIES

3. Nationwide is a corporation organized under the laws of the State of Ohio with its principal place of business in the State of Ohio.

4. Mr. Butcher is a citizen of the State of Colorado.

## III. JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter under 28 U.S.C. § 1332. There is a complete diversity of citizenship between Nationwide and Mr. Butcher in this action, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Nationwide is a citizen of the State of Ohio, and Mr. Butcher is a citizen of the State of Colorado.

## IV. THE POLICY

6. Nationwide issued Policy No. ACP BA 72-9-3402265 to Integrated Communication Services, Inc., effective May 18, 2017 to May 18, 2018 (the "Policy").

7. The Policy includes UM/UIM coverage up to a combined single limit of liability of $1,000,000, subject to applicable law and the terms, conditions, and exclusions contained therein.

## V. GENERAL ALLEGATIONS

8. On March 8, 2018, Mr. Butcher was involved in the Accident, which was a multiple vehicle accident at the intersection of North Academy Boulevard and East San Miguel Street in Colorado Springs, Colorado (the "Accident").

9. On the day of the Accident, Mr. Butcher was driving a 2014 Chevrolet truck insured under the Policy.

10. Prior to the Accident, Mr. Butcher was stopped in traffic behind a city bus. Brent Holmes, driving a 2000 Hyundai Accent, struck the 2005 Mazda MPV stopped behind Mr. Butcher, which caused the 2005 Mazda to strike the rear bumper of the truck driven by Mr. Butcher.

11. Mr. Butcher was within the course of his employment with Integrated Communication Services, the named insured on the Policy issued by Nationwide, at the time of the Accident.

12. Following the Accident, Mr. Butcher sought medical treatment for injuries arising from the Accident.

13. On March 30, 2018, Mr. Butcher's counsel notified Nationwide of a potential UIM claim arising from the Accident.

14. Following the Accident, Mr. Butcher sought and received workers' compensation benefits for injuries arising from the Accident.

15. Pursuant to the Final Admission of Liability in Mr. Butcher's Workers' Compensation Case No. 5072183 dated July 24, 2020, the workers' compensation insurance carrier for Integrated Communication Services (Mr. Butcher's employer) paid $33,223.71 in medical expenses, $54,156.46 in Temporary Total Disability Benefits, and $4,596.38 in Temporary Partial Disability Benefits to Mr. Butcher.

16. On January 19, 2021, Mr. Butcher filed suit against Mr. Holmes, seeking damages for injuries allegedly arising from the Accident.

17. By letter dated October 29, 2020, Mr. Butcher's counsel requested Nationwide's consent to settle its claims against Mr. Holmes, which Nationwide provided on November 11, 2020.

18. Mr. Butcher settled his claims against Mr. Holmes for the $25,000 limit of liability available under Mr. Holmes' liability insurance policy.

19. On September 15, 2021, Mr. Butcher dismissed his case against Mr. Holmes.

20. By letter dated December 10, 2022, Mr. Butcher's counsel made a 15-day, time limited demand against Nationwide for $500,000 in UIM benefits under the Policy arising from the Accident.

## VI. CLAIMS FOR RELIEF

### Count One

### Declaratory Judgment – The WCA Exclusive Remedy Provision Bars Mr. Butcher's Claim for UIM Benefits under his Employer's Policy

21. Nationwide incorporates by reference the allegations contained in the preceding paragraphs as if set forth herein.

22. Pursuant to the WCA, an employer in compliance with the WCA and its insurance carrier are immune from any other liability for death or personal injury to an employee while in

the course and scope of employment. *C.R.S. § 8-41-102*. All causes of actions, suits, proceedings and statutory and common law rights and remedies are abolished except as provided by the WCA. *Id.*

23. At the time of the Accident, Mr. Butcher was in the course and scope of his employment with Integrated Communication Services.

24. Mr. Butcher received workers' compensation benefits for injuries sustained in the Accident.

25. Mr. Butcher now seeks UIM benefits from his employer's insurance policy.

26. Mr. Butcher's claim for UIM benefits is barred by the exclusive remedy provision of the WCA. *See Ward v. Acuity*, 591 F.Supp.3d 1003 (D.Colo., March 18, 2022).

27. Mr. Butcher disputes Nationwide's position.

28. An actual controversy has arisen and now exists with respect to Nationwide's obligation to pay UIM benefits to Mr. Butcher under the Policy.

29. Pursuant to Fed.R.Civ.P. 57(a), this Court can and should determine the rights and obligations under the Policy with respect to Mr. Butcher's claim for UIM benefits under the Policy.

**Count Two**
**Declaratory Judgment – The Workers' Compensation Exclusion**
**Bars Mr. Butcher's UIM Claim**

30. Nationwide incorporates by reference the allegations contained in the preceding paragraphs as if set forth herein.

31. The UIM Endorsement in the Policy includes a Workers' Compensation Exclusion, which provides:

**C. Exclusions**

This insurance does not apply to any of the following:

. . .

**2.** The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

32. Mr. Butcher received workers' compensation benefits arising from the Accident.

33. The Workers' Compensation Exclusion bars Mr. Butcher's claim for UIM benefits under the Policy.

34. Mr. Butcher disputes Nationwide's position.

35. An actual controversy has arisen and now exists with respect to Nationwide's obligation to pay UIM benefits to Mr. Butcher under the Policy.

36. Pursuant to Fed.R.Civ.P. 57(a), this Court can and should determine the rights and obligations under the Policy with respect to Mr. Butcher's claim for UIM benefits under the Policy.

## VII. RELIEF REQUESTED

WHEREFOR, Nationwide prays for the following relief:

(1) For a declaration that Mr. Butcher is not entitled to UIM benefits under the Policy for the Accident pursuant to the exclusive remedy provision of the WCA, because he was within his course and scope of employment with Integrated Communication Services at the time of the Accident and received workers' compensation benefits for injuries arising from the Accident;

(2) For a declaration that the Workers' Compensation Exclusion bars coverage for UIM benefits sought by Mr. Butcher arising from the Accident; and

(3) For costs allowed by law.

Respectfully submitted this 27th day of January, 2023.

*/s/ Jane E. Young*
Jane E. Young
McElroy, Deutsch, Mulvaney & Carpenter
5600 South Quebec Street, Suite C100
Greenwood Village, CO 80111
Telephone: (303) 293-8800
Facsimile: (303) 839-0036
E-Mail: jyoung@mdmc-law.com
*Attorney for Nationwide Mutual Insurance Company*

Plaintiff's Address:
P.O. Box 182068
Columbus, OH 43218