IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 23–cv–00240–WJM–MDB

NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation,

    Plaintiff,

v.

RICHARD BUTCHER, JR., an individual,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

This matter is before the Court on Plaintiff Nationwide Mutual Insurance Company's Motion to Withdraw Complaint for Declaratory Relief (Doc. No. 1). (["Motion" or "Motion to Withdraw"], Doc. No. 61.) Defendant has responded to the Motion. (["Response"], Doc. No. 62.) After carefully reviewing the Motion, briefing, and relevant law, the Court **RECOMMENDS** that the Motion to Withdraw be **GRANTED**.

### STATEMENT OF THE CASE

Plaintiff initiated this action on January 27, 2023. (Doc. No. 1.) In its Complaint for Declaratory Relief, Plaintiff sought a declaration that, based upon the exclusive remedy provisions of the Workers' Compensation Act or, alternatively, the Workers' Compensation Exclusion in Defendant's policy, Defendant is not entitled to underinsured motorist ("UIM") benefits for injuries arising from an accident that occurred while he was acting within the course

and scope of his employment. (*Id*.) Defendant filed a Motion to Dismiss on May 5, 2023, (Doc. No. 28), which has been fully briefed. (Docs. No. 35; 36.)

On July 31, 2023, Defendant filed a Complaint in the El Paso County District Court, alleging denial of UIM coverage and common law bad faith. (*See generally* ["State Court Complaint"], Doc. No. 44-5.) Plaintiff then removed that case to federal court, (Doc. No. 44; *see also* Civil Action No. 23-cv-02311-WJM-MDB), and it was consolidated with the present case on January 10, 2024. (Doc. No. 43.) The present case was thereafter stayed pending a ruling by the Colorado Supreme Court in *Klabon v. Travelers Property Casualty Company of America*. (Doc. No. 49.)

Following the Colorado Supreme Court's ruling in *Klabon*, the Court reopened the present matter, lifted the stay, and held a Status Conference on October 29, 2024. (Docs. No. 53; 57.) During that conference, Plaintiff stated its intent to withdraw its declaratory action claims and amend its Answer in the member case No. 23-cv-02311-WJM-MDB to remove any claims/defenses rejected by the Colorado Supreme Court in *Klabon*. (Doc. No. 57 at 1.) Defendant objected and expressed concern over the withdrawal, indicating a decision on the matter was necessary. (*Id*.) However, the Court noted the decision in *Klabon*, coupled with Plaintiff's concession on the record and via withdrawal, appeared to be sufficient, and the Court saw no reason to impede the withdrawal of Nationwide's claims. (*Id*.) The Court ordered that Plaintiff's Motion to Withdraw be filed on or before November 1, 2024. (*Id*.)

In his Response to the Motion, Defendant does not object to Plaintiff withdrawing its Complaint, but requests that the withdrawal be with prejudice. (Doc. No. 62.) Plaintiff does not ask for withdrawal without prejudice, and the Court therefore assumes—based on the Motion as

2

well as Plaintiff's statements during the last conference—that Plaintiff intends to withdraw its Complaint with prejudice.

The Court finds that withdrawal of Plaintiff's Complaint is proper. (Doc. No. 57.) The effect of this withdrawal should be to terminate the lead/member case relationship, close the present matter, and proceed in No. 23-cv-02311-WJM-MDB with Defendant in this case as plaintiff in that case. (*Id.*)

## CONCLUSION

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Plaintiff's Motion to Withdraw (Doc. No. 61) be **GRANTED**. The Court recommends this matter be **closed** and the parties proceed in Civil Action No. 23-cv-02311-WJM-MDB.

Further, and to expedite matters, the Court hereby **ORDERS** the Parties to file a Notice of Intent to Object, or a Notice of Non-Objection, on or before **November 12, 2024**. If the Parties do not intend to object to this Recommendation, it may allow for a more expedited closure of this case and help streamline matters in the member case.

Upon closure of this case, the **Clerk of Court** is **DIRECTED** to lift the stay in Civil Action No. 23-cv-02311-WJM-MDB, and impose the following deadlines:

- Proposed Scheduling Order (PSO) due on or before **November 18, 2024**.

- Proposed Protective Order due on or before **November 18, 2024**. The Draft shall include any competing language in comments.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and

3

recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 8th day of November, 2024.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge

5